**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DODSON AVIATION, INC.,

                    *Plaintiff*,

vs.                                                    Case No. 08-4102-EFM

HLMP AVIATION CORP., PTC AVIATION
CORP., and 1st SOURCE BANK,


                    *Defendants.*

**MEMORANDUM AND ORDER**

Before the court is Plaintiff Dodson Aviation Inc.'s ("Dodson") Motion to Remand to state

court[1] to which Defendant HLMP Aviation Corp. ("HLMP") responded.[2]  Plaintiff originally filed

its petition in state court, and Defendant HLMP removed it to federal court asserting diversity

jurisdiction. Plaintiff moves to remand the case back to state court. For the following reasons, the

Court DENIES the motion.

**I.  Background**

Plaintiff Dodson is a Kansas corporation and a citizen of Kansas.  It has filed suit against three

defendants, HLMP, PTC Aviation Corp. ("PTC"), and 1st Source Bank.  HLMP is a corporation

organized in Delaware with its principal place of business in Florida; PTC is a corporation organized

---

[1]Doc. 6.

[2]Doc. 8.

and with its principal place of business in Florida; and 1st Source Bank is a corporation organized and with its principal place of business in Indiana.

Plaintiff filed its petition on July 30, 2008 in the district court of Franklin county.  It sought to foreclose on a mechanic's lien and asserted that in 2006, the principal of PTC, Hernan Lopez contacted Dodson about repairing an airplane that PTC had purchased.  Lopez delivered the plane to Dodson in the spring of 2006, and Dodson commenced performing services and repairs to the aircraft. The petition further alleged that at some point in 2007 and unbeknownst to Dodson, ownership of the aircraft was transferred from PTC to HLMP.  HLMP is the current registered owner of the aircraft. The ownership transfer did not alter the scope of the repairs, and Lopez regularly communicated with Dodson concerning the repairs.

Dodson has not been paid for the repairs it performed.  The aircraft was removed from Dodson's possession on March 19, 2008, and Dodson was unable to effectuate a non-judicial lien foreclosure.  Dodson then filed a lien, pursuant to K.S.A. § 58-201 and § 58-202 for materials and services with the Register of Deeds in Franklin County, Kansas. Plaintiff is seeking to foreclose its mechanic's lien in the amount of $484,894.50 jointly and severally against the aircraft and defendants.

On August 26, 2008, Defendant HLMP filed a notice of removal asserting that this Court had jurisdiction on the basis of diversity.  1st Source Bank consented to the removal of this action. Defendant HLMP contended in its notice of removal that PTC's consent was unnecessary because PTC was a nominal party.[3]

Plaintiff timely moved to remand the case to state court.  Plaintiff states that Defendant PTC

_____

[3]Doc. 1, ¶ 4; *see also* Doc. 8, pp. 3-4.

is more than a nominal party and that HLMP lacked corporate authority to file the notice of removal because Lopez did not give his consent. The issue is ripe for review.

## II.  Analysis

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[4]  Jurisdiction based on subject matter requires that the amount in controversy exceed $75,000 and that each defendant is a resident of a different state than each plaintiff.[5]  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[6]

Under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action . . . shall file in the district court . . . a notice of removal."  Courts construe removal statutes strictly.[7] "The burden of showing the propriety of removal always rests with the removing party."[8]

Generally, all defendants must unanimously join or consent to the removal.[9]  "The failure to join all proper defendants renders the removal petition procedurally defective."[10]  One exception to the rule of unanimity is that a defendant seeking removal does not need the consent of another defendant present in the case if that defendant is a "nominal" party.[11]

---

[4]28 U.S.C. § 1441(a).

[5]28 U.S.C. § 1332.

[6]28 U.S.C. § 1447(c).

[7]*First Nat'l Bank & Trust v. Nicholas*, 768 F.Supp. 788, 790 (D. Kan. 1991).

[8]*Id.* (citation omitted).

[9]*Cohen v. Hoard*, 696 F.Supp. 564, 565 (D. Kan. 1988); *see also McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1342 (D. Kan. 1997).

[10]*McShares*, 979 F.Supp. at 1342; *see also Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).

[11]*Cohen*, 696 F.Supp. at 565.

In *Smotherman v. Caswell*,[12] the District of Kansas concluded that a defendant's consent to removal was not necessary as that defendant was a nominal party because he had "no interest" in the action.  In addition, in *Godley v. Valley View State Bank*,[13] the District of Kansas found that a defendant bank was a nominal party because it had "no real interest in the controversy."  The bank had no real interest in the controversy because it was merely acting as a trustee for the defendant beneficiaries and distributing those trust assets.[14] Accordingly, its consent was not required for removal purposes.[15]  The *Godley* decision was subsequently reversed because the other defendant who had not consented had actually been served and his consent was necessary for removal because he was not a nominal party.[16]  The Court's reasoning as to the defendant bank's "nominal" status, however, remains sound.

It does not appear that the Tenth Circuit has defined a "nominal party" for removal purposes; however, it has addressed whether a district court had diversity jurisdiction when a nominal party was included in the suit.  In *Hann v. City of Clinton, Oklahoma*,[17] the Tenth Circuit stated that [i]n determining the question whether diversity of citizenship requisite to jurisdiction exists, a court looks to the citizenship of the real parties in interest; and where there is a complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded."  The

---

[12]755 F.Supp. 346, 349 (D. Kan. 1990).

[13]*Godley v. Valley View State Bank*, 2000 WL 1114927, at *1 (D. Kan. Jul. 6, 2000)(reversed by *Godley v. Valley View State Bank*, 2000 WL 1863375 (D. Kan. Dec. 15, 2000)).

[14]*Godley,* 2000 WL 1114927, at *1

[15]*Id.*

[16]*Godley*, 2000 WL 1863375, at *1.

[17]131 F.2d 978, 981 (10th Cir. 1942).

Court stated that the defendant was merely a "formal party" because it was not necessary to the complete adjudication of the controversy between the parties and therefore, its citizenship was irrelevant when determining whether jurisdiction existed.[18]

In addition, other circuits have addressed removal with regard to nominal parties and have used a variety of definitions. The Eighth Circuit has determined that a nominal defendant is one "against whom no real relief is sought."[19] The Fifth Circuit has stated that it is a factual question for the district court to determine in each removal case as to whether a defendant is a nominal party, and a defendant is nominal "if his role in the law suit is that of a depositary or stakeholder."[20] In *Shaw v. Dow Brands, Inc.*,[21] the Seventh Circuit determined that a defendant is nominal "if there is no reasonable basis for predicting that it will be held liable."

### PTC's Consent

This Court must determine Defendant PTC's status because PTC did not consent to the removal, and the Court will not have jurisdiction if PTC's consent was necessary. Defendant HLMP argues that PTC is a nominal party because Plaintiff's action is *in rem*. HLMP contends that the Court could enter a final judgment for the complete relief requested regardless of PTC's inclusion in the suit because PTC does not have a legal interest in the aircraft. Plaintiff only briefly states that PTC is more than a nominal party because it was the entity who originally owned the aircraft, and it continued communicating with Plaintiff regarding the extensive repairs.

---

[18]*Id.*

[19]*Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 833 (8th Cir. 2002)(citation omitted).

[20]*Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)(citation omitted).

[21]994 F.2d 364, 369 (7th Cir. 1993)

An *in rem* action is against the property itself.[22]  Generally, an action seeking enforcement of a mechanic's lien is an *in rem* proceeding.[23]  Here, Plaintiff's action is *in rem* as Plaintiff only seeks to foreclose a lien on the aircraft. A valid mechanic's lien on property remains enforceable even though the collateral at issue may have been transferred to a new owner.[24]  The parties appear to agree that Plaintiff has a perfected mechanic's lien.[25]

Although Plaintiff asserts that PTC first communicated with Plaintiff regarding the repairs, Plaintiff's mechanic's lien will be enforceable against the subsequent owner of the aircraft. Plaintiff's petition states that ownership of the aircraft was transferred from PTC to HLMP  and that HLMP is the current registered owner of the aircraft.[26]  Additional documents establish that HLMP is the owner of the aircraft.[27]  Accordingly, it appears that PTC has no legal interest in the aircraft. Because Defendant PTC has no legal interest in the aircraft and Plaintiff's suit is only seeking to foreclose on the aircraft, PTC has "no real interest in the controversy."  In addition, there does not appear to be a reasonable basis for predicting that PTC would be held liable.  As such, Defendant PTC is a nominal party, and its consent is not necessary for removal.

### *HLMP's Consent*

---

[22]*In re Harter, Inc.*, 1984 WL 3232, at *2 (D. Kan. Jan. 4, 1984)(citing *Eureka Bld'g and Loan Ass'n v. Shultz*, 139 Kan. 435, 440, 32 P.2d 477 (1934)).

[23]*Heidritter v. Elizabeth Oil-Cloth Co.*, 112 U.S. 294, 302, 5 S. Ct. 135, 138 (1884).

[24]*See Utility Trailers of Wichita, Inc. v. Citizens Nat'l Bank & Trust Co.*, 11 Kan.App.2d 421, 424, 726, P.2d 282, 285 (Kan. App. 1986)(citing *Hockaday Auto Supply Co. v. Huff*, 121 Kan. 113, 245 P. 1013 (1926)).

[25]Doc. 7, p. 2.

[26]Doc. 1-2, ¶ 9.

[27]The February 9, 2007 agreement in front of the Court states that Lopez shall cause the title to the aircraft held in the name of PTC to be transferred to HLMP and deliver a Bill of Sale to the new corporation for said transfer. Doc. 7-3. In addition, a Bill of Sale, dated February 9, 2007, from PTC to HLMP has also been provided to the Court. Doc. 8-3, p. 3.

Plaintiff also states that HLMP lacked corporate authority to file the notice of removal. Defendant HLMP is comprised of two shareholders, Orlando Padron and Hernan Lopez, each owning 50% of the company. Plaintiff states that a February 9, 2007 agreement requires that "Lopez and Padron jointly make all material decisions concerning the company."[28] Stating that Lopez was not contacted in his capacity as a 50% shareholder in HLMP, Plaintiff argues that Defendant HLMP had no authority to file the notice of removal.

Defendant HLMP, however, demonstrates that Lopez signed a Consent Action appointing Padron as President of the corporation and adopting the Bylaws of HLMP.[29] The Bylaws vested Padron with authority to generally and actively manage the business.[30] Padron's authority, as President of HLMP, included the ability to "retain attorneys" and "[i]n the event that an emergency exists which threatens the viability of the corporation the President is authorized and directed to take any and all action on behalf of the corporation required to protect and preserve the corporation and its assets without notice to and the vote of the directors and/or shareholders, including but not limited to the filing and administration of any legal or equitable action or remedy . . . ."[31]

HLMP's Bylaws define an "emergency" as when "the corporation is in jeopardy of losing all or substantially all of the assets of the corporation."[32] HLMP's sole asset is the aircraft which is the subject of Plaintiff's mechanic's lien. It appears to the Court that Padron had the authority, on behalf of HLMP, to make the decision to authorize its attorney to file a notice of removal. Accordingly,

[28]Doc. 7-3.

[29]Doc. 8-2., pp. 8-9.

[30]Doc. 8-2, pp. 16-17.

[31]*Id.*

[32]*Id.*

Lopez's consent as a 50% shareholder of HLMP was not necessary, and HLMP's removal was proper.

### Subject Matter Jurisdiction and Related Case

Plaintiff contends that the Court lacks jurisdiction because there is no federal question. The Court has jurisdiction if there is diversity of citizenship regardless of whether a federal question is presented.[33] On the face of the complaint, subject matter jurisdiction exists as the parties are diverse and the amount in controversy exceeds $75,000.

Finally, Plaintiff asserts that this case is related to an action on appeal from the Franklin County District Court and that it would better serve the interests of justice that this matter be finally adjudicated in Franklin County, Kansas.  The Court is unclear as to how the case on appeal relates to the instant case, and the Court has not been provided with any details.  Plaintiff has provided no authority nor demonstrated to the Court that the interests of justice will not be met if the case is tried in the District of Kansas.

IT IS ACCORDINGLY ORDERED this 12th day of February, 2009  that Plaintiff's Motion to Remand (Doc. 6) is hereby DENIED.

IT IS SO ORDERED.

/s Eric F. Melgren                                    
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[33]*Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

-8-