**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DODSON AVIATION, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-4102-EFM |
| | ) |
| HLMP AVIATION CORP. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter comes before the court upon plaintiff's Motion to Quash Subpoena (Doc. 23). The defendant has filed a response (Doc. 27). Plaintiff has failed to file a reply, and the time for doing so has passed.[1] Therefore, the court is prepared to rule.

Plaintiffs brought the instant action on July 30, 2008 by filing a petition in the District Court of Franklin County. The petition sought foreclosure of a mechanics' lien on an aircraft owned by defendant HLMP Aviation Corp. Defendant removed the action on August 26, 2008 based on diversity jurisdiction. Two other parties, PTC Aviation Corporation and 1st Source Bank, were named in the original action, but were never served. Therefore, HLMP Aviation Corp. is the sole defendant in the case. HLMP Aviation Corp. disputes the amount of Dodson Aviation, Inc.'s mechanic's lien. Discovery is currently ongoing regarding the amount of the lien.

Plaintiff's instant motion seeks to quash a subpoena issued by the United States District Court for the Northern District of Indiana and served upon 1st Source Bank, located at 100 N. Michigan, South Bend, Indiana. Plaintiff contends that the subpoena should be quashed as the

---

[1] D. Kan. Rule 6.1(d)(1) (Replies shall be filed and served within 14 days of the service of the response).

documents sought are not relevant or calculated to lead to the discovery of relevant information. Defendant opposed the motion, arguing that plaintiff's motion is procedurally flawed as plaintiff has failed to confer regarding the instant motion, any motion to quash should have been presented in the issuing court and plaintiff lacks stand to contest the subpoena. Substantively, defendant argues that the documents to which the subpoena relates are relevant and that defendant's request is not overbroad.

As an initial matter, the court considers whether plaintiff has fulfilled its obligation to confer before filing the instant motion. D. Kan. Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless counsel for the moving party has conferred or has made reasonable effort with opposing counsel concerning the matter in dispute prior to filing of the motion. Every certification required by Fed. R. Civ. P 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.

The purpose of the conference requirement is to encourage resolution of disputes without judicial involvement. Plaintiff does not address whether reasonable efforts to confer were made. Defendant states that no such steps were taken. In the instant case, had plaintiff's counsel put forth adequate efforts to confer, the present dispute may have been informally resolved, therefore saving judicial resources. Accordingly, the court finds that the motion should be denied for failure to confer.

Fed. R. Civ P. 45(c)(3)(A) controls the procedure for quashing a subpoena. It provides that *the issuing court* must quash a subpoena that requires disclosure of a privileged or other protected

2

matter or subjects a person to undue burden.[2] The United States District Court for the Northern District of Indiana is the proper venue to decide any motion to quash related to a subpoena it issued. Thus, this court does not have authority or jurisdiction to quash a subpoena it did not issue and declines to do so.

The court also has serious concerns regarding whether plaintiff has standing to seek to quash the subpoena which was issued to a third party, 1st Source Bank. Typically, parties to a lawsuit do not have standing to quash a subpoena served on a nonparty.[3] The exception to this rule is when the moving party "has a personal right or privilege with respect to the subject matter requested in the subpoena." Plaintiff makes no argument that it has a personal right to be protected or why the documents sought are privileged. Instead, plaintiff simply argues that the subpoena is too broad and the information sought is irrelevant to the litigation. Thus, plaintiff has failed to make the requisite showing regarding standing.

Considering plaintiff's numerous technical deficiencies, the court finds that the motion should be denied. Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff's Motion to Quash (Doc. 23) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this <u>1st</u> day of June, 2009, at Topeka, Kansas.
s/ K. Gary Sebelius<br>K. Gary Sebelius<br>U.S. Magistrate Judge

---

[2] Fed. R. Civ P. 45(c)(3)(A) (emphasis added).

[3] *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (quoting *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)).