# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DODSON AVIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-4102-KGS |
| | ) | |
| HLMP AVIATION CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court upon Defendant HLMP Aviation Corp.'s Motion to Stay Execution without Supersedeas Bond, ECF No. 209.  For the reasons stated below, the Court grants in part and denies in part the motion.

**I.     Background**

Plaintiff Dodson Aviation, Inc. ("DAI" or "Plaintiff") brought this action to foreclose a mechanics' lien pursuant to K.S.A. 58-201.  The lien was filed against a Beech King Air Model 200 aircraft, Serial Number BB-48, with an FAA tail number of N750HL ("the King Air") that was owned by Defendant HLMP Aviation Corp. ("HLMP").  On September 30, 2011, this Court entered judgment in favor of DAI and foreclosed its mechanic's lien.  HLMP has filed a notice of appeal. In the present motion, HLMP requests that the Court's September 30, 2011 judgment be stayed pending appeal without posting a supersedeas bond.

**II.    Analysis**

      A.     Waiver of Supersedeas Bond

Fed. R. Civ. P. 62(d) provides that if an appeal is taken, an appellant may obtain a stay of execution by supersedeas bond.  The purpose of posting a supersedeas bond is to secure an appellee

from loss resulting from the stay of execution.[1]  As Judge Melgren has explained:

> If, as the date of judgment, plaintiff/appellee would arguably have the ability to collect the full amount of the judgment from defendant/appellant, plaintiff/appellee's collection ability should not be prejudiced by the delay occasioned by a stay during an appeal, during which time the assets available to satisfy the judgment may be dissipated.[2]

Although a full supersedeas bond should normally be required, courts have discretionary authority to permit a stay without requiring a full supersedeas bond when the judgment creditor's rights would not be unduly endangered.[3]  The appellant has the burden to objectively demonstrate good cause for waiving the bond requirement.[4]

The Seventh Circuit has identified various criteria that district courts may consider when determining whether to waive the posting of a bond.[5]  These include: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure

---

[1] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).

[2] *Midwest Trust Co. of Mo. v. Gard*, No. 06-2411-EFM, 2009 WL 2043502, at *1 (D. Kan. July 14, 2009).

[3] *Miami*, 807 F.2d at 873.

[4] *Wilmer v. Bd. of County of Cnty. Comm'rs of Leavenworth Cnty.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993).

[5] *Dillon v. City of Chicago*, 866 F.2d 902, 904–905 (7th Cir. 1988).

position.[6]   Although this Court has not found any authority from the Tenth Circuit adopting the Seventh Circuit's criteria, judges in this District have typically considered those factors when determining whether to waive the requirement of a supersedeas bond.[7]

After considering the above factors, the Court concludes that HLMP has not met its burden to demonstrate good cause for waiving the requirement of a supersedeas bond.  The Court, however, will grant a temporary stay of execution until January 17, 2012 to provide HLMP with additional time to post the supersedeas bond.

Prior to this lawsuit being filed, HLMP filed an action in the Circuit Court of Miami-Dade County, Florida and obtained an *ex parte* temporary restraining order compelling the delivery of the King Air to HLMP.  As a condition of that injunction, HLMP was required to post a cash injunction bond, which remains in the amount of $500,000.  HLMP has filed a motion with the Florida court to transfer $395,462.00 of the injunction bond into the registry of this Court.  That motion has not yet been decided, and appears to be tentatively scheduled for argument in late December.  At oral argument on this motion, counsel for HLMP represented that it would be difficult, if not impossible, for HLMP to post a supersedeas bond if the Florida court denies HLMP's motion.  As a result, the Court will temporarily stay execution of the judgment without requiring a supersedeas bond until January 17, 2012.

To protect DAI's interest in the King Air during this stay, HLMP shall add DAI as an additional insured on the casualty insurance policy covering the King Air.  Within five days of this

---

[6] *Id.*

[7] *See Dutton v. Johnson County Bd. of Cnty. Comm'rs.*, 884 F. Supp. 431 (D. Kan. 1995); *Midwest Trust Co. of Mo.*, 2009 WL 2043502, at *1.

3

Order, HLMP shall provide the Court and Plaintiff's counsel with proof that DAI has been added as an additional insured.  Additionally, the King Air shall remain in Florida at all times during this stay.  Further, within three days of this Order, HLMP shall provide the Court and Plaintiff's counsel with the exact location within Florida of the King Air, including the hangar number where it is being housed.

B.    Amount of Supersedeas Bond

The local rules of this Court require an appellant to post a supersedeas bond in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay, unless the Court, in its discretion, directs otherwise.[8]   The judgment in this case was for $375,462.00.  The Court believes a supersedeas bond in the amount of $400,000 is sufficient to cover the judgment, interest, and any costs.[9]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Execution without Supersedeas Bond (ECF No. 209) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that execution of the judgment in this case is stayed until January 17, 2012.

**IT IS FURTHER ORDERED** that HLMP shall add DAI as an additional insured on the casualty insurance policy covering the King Air and that HLMP shall maintain such insurance coverage on the King Air during the pendency of this stay.

**IT IS FURTHER ORDERED** that within five days of this Order, HLMP shall provide

---

[8] D. Kan. R. 62.2; *see also Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) (bond amount is usually for the full amount of judgment but district court has discretion in setting amount).

[9] *See* Fed. R. App. P. 7 (bond amount can include costs on appeal).

4

this Court and Plaintiff's counsel with proof that DAI has been added as an insured on the casualty insurance policy covering the King Air.

**IT IS FURTHER ORDERED** that the King Air shall remain within the state of Florida at all times during the pendency of this stay.

**IT IS FURTHER ORDERED** that within three days of this Order, HLMP shall provide the Court and Plaintiff's counsel with the exact location within Florida of the King Air.

**IT IS FURTHER ORDERED** that this stay will be automatically lifted if a supersedeas bond in the amount of $400,000 is not presented and approved by this Court by January 17, 2012.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2011 at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge